Filing # 110889231 E-Filed 07/28/2020 10:56:53 AM

IN THE CIRCUIT COURT OF THE
13TH JUDICIAL CIRCUIT IN AND FOR
HILLSBOROUGH COUNTY, FLORIDA

JOSE LUCENA,            CASE NO.: 20-CA-5981

        Plaintiff,

vs.

BIRD RIDES, INC., d/b/a BIRD,

        Defendant.
_____/

## COMPLAINT

COMES NOW the Plaintiff, JOSE LUCENA (hereinafter "LUCENA"), by and through his undersigned attorney, hereby sues Defendant, BIRD RIDES, INC., d/b/a BIRD (hereinafter "BIRD"), and in support thereof alleges as follows:

1. That this is an action in excess of the Jurisdictional limits of this Court, to wit: Thirty Thousand Dollars ($30,000.00), exclusive of costs.

2. That at all times material hereto, Plaintiff, LUCENA, was a resident of Hillsborough County, Florida and is *sui juris*.

3. That at all times material hereto, Defendant, BIRD, was and is a foreign profit corporation, authorized to and transacting substantial business in Hillsborough County, Florida.

4. Defendant, BIRD, is the designer, distributor, owner and renter of motorized scooters pursuant to a dockless motorized scooter program which it operates in Tampa, Florida.

5. That at all times material hereto, Defendant, BIRD, was actually doing business in

Hillsborough County, Florida by virtue of its designing, manufacturing, assembling, shipping, advertising, promoting, distributing, renting and placing into the stream of commerce, motorized scooters including the BIRD motorized scooter which is the subject of this lawsuit. The subject scooters have no foot pedals, seats or adequate safety features and BIRD does not offer helmets for rent with scooters.

6. This Court has a general personal jurisdiction over BIRD pursuant to Florida Statute 48.193 as it is engaged in substantial and not isolated activity within Florida. Alternatively, BIRD is subject to specific personal jurisdiction of this Court pursuant to Florida Statute 48.193(1)(a)(1)-(2) as it operates, conducts, engages in, or carries on a business or business venture in Florida and has an office or agent in Tampa, and the cause of action arises from such activity. In addition, BIRD, committed a tortuous act within Florida.

7. Venue and jurisdiction are proper in Hillsborough County, Florida as the cause of action accrued in Hillsborough County, Florida, and/or because at all times material to this action, Defendant conducted business in Hillsborough County, Florida.

8. That on or about October 28, 2019, Plaintiff rented a scooter from the Defendant, BIRD, (hereinafter referred to as the "subject scooter") using an application on the phone.

9. That on or about October 28, 2019, Plaintiff was operating the subject scooter at or near E Tyler Street and N Florida Avenue, Tampa, Hillsborough County, Florida.

10. That at all times material hereto, the Plaintiff sustained severe personal injury when the subject scooter malfunctioned when the Plaintiff was operating it, causing the Plaintiff to fall on the ground.

## COUNT I - NEGLIGENCE

Plaintiff, LUCENA, re-alleges paragraphs 1 through 10 and further alleges:

11. That Defendant, BIRD, owed a duty of care to Plaintiff, LUCENA, to ensure that scooters were safe, that they were not and would not be defective or unsafe for their intended use and purpose, that they were fully functional and that they would not be dangerous to ride.

12. Additionally, Defendant, BIRD, owed a duty to use reasonable care to maintain, repair and/or replace any scooter, including the subject scooter, which it rents to the public, including the Plaintiff, in a reasonably safe manner, free from any unsafe, hazardous, dangerous and/or defective conditions.

13. That at all times material hereto, Defendant, BIRD, owed a duty to warn of any known dangerous, hazardous and/or defective conditions in its scooters, including the subject scooter, and/or to warn of any road/sidewalk conditions for which its rental products were not suitable or capable of handling.

14. That at all times material hereto, Defendant, BIRD, breached its duties owed to Plaintiff, LUCENA, in one or more of the following ways:

   a. Failing to maintain the subject scooter in a reasonably safe manner free from dangerous and/or hazardous conditions.

   b. Negligently renting the subject scooter, which was not functioning and/or not working properly.

   c. Failing to properly and timely inspect the subject scooter as to ensure the subject scooter was functioning properly and could be safely operated and navigated.

    d. Failing to make proper and necessary repairs to the subject scooter so as to ensure that the subject scooter was functioning properly when rented to the Plaintiff.

    e. Failing to warn the Plaintiff that the subject scooter was not working/functioning properly.

    f. Failing to warn the Plaintiff of the subject scooter's limitations as they pertain to road conditions, notwithstanding that Defendant knew or in the exercise of due care should have known the existence of such conditions, and the Defendant further represented to the Plaintiff that the subject scooter was safe and suitable when, in fact, it was not.

    g. Failing to provide and/or offer necessary safety equipment.

    h. Negligently providing a defective scooter.

    i. Failing to implement and/or maintain policies and procedures that would protect riders from utilizing defective scooters and such hazards.

    j. Failing to adequately train and supervise its employees and/or agents to locate defective scooters which have been deployed for public use.

    k. Defendant was otherwise negligent at the time and place complained of.

14. As a direct and proximate result of the Defendant, BIRD's, negligence, as hereinabove alleged, Plaintiff, LUCENA, fell which caused him to suffer bodily injury resulting in pain and suffering including: disability; disfigurement; mental anguish; loss of capacity for the enjoyment of life; the hospitalization; medical and nursing care and treatment; loss of earnings; loss of ability to earn money; and aggravation of a previously existing condition. These losses are either

permanent or continuing in nature, and Plaintiff, LUCENA, will suffer such losses in the future.

WHEREFORE, Plaintiff, LUCENA, respectfully demands Judgment for damages against Defendant, BIRD, in excess of Thirty Thousand Dollars ($30,000.00), plus costs, and further demands trial by jury on all issues so triable as a matter of right.

LAW OFFICE OF SABAN & SOLOMON
150 N. University Dr., Suite 200
Plantation, Florida 33324
P: (954) 577-2878
F: (954) 577-2215

*/s/ Robert Solomon*
ROBERT C. SOLOMON, ESQ.
Fla. Bar No. 27054